IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRA BETTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 13-0356-CG-N |
| | ) | |
| CONECUH COUNTY BOARD OF | ) | |
| EDUCATION, RONNIE BROGDEN, | ) | |
| and MARY ANN DANFORD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After due and proper consideration of all issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated December 10, 2014, is **ADOPTED** as the opinion of this Court.

Accordingly, Defendants' Motion to Dismiss or Alternatively for More Definite Statement (Doc. 7) is **GRANTED in part** and **DENIED in part.** It is **ORDERED** that Defendants' Rule 12(b)(6) motion is **GRANTED** with respect to Plaintiff's Title VII claims against Superintendent Ronnie Brogden and Mary Ann Danford, both individually and as agents of the Conecuh County Board of Education; her claims for retaliation brought solely under § 1983; her claims for punitive damages under both Title VII and § 1983 against the Conecuh County Board of Education, and for punitive damages under §§ 1981 and 1983 against Superintendent Ronnie Brogden and Mary Ann Danford in their official capacities;

and her § 1983 claims (including her merged § 1981 claims) against Superintendent Ronnie Brogden and Mary Ann Danford in their official capacities.  Therefore, said claims are **DISMISSED**.  The Defendants' Rule 12(b)(6) motion to dismiss in all other respects is **DENIED**.

It is further **ORDERED** that Defendants' Rule 12(e) motion for more definite statement is **GRANTED**.  Plaintiff is **ORDERED** to file an amended complaint **not later than January 12, 2015.**  Plaintiff's shall adhere to the following standards in repleading her complaint:

1. Betts shall omit mention of any claim that is dismissed by this Order.

2. She shall refrain from incorporating multiple causes of action into one count, as well as from the wholesale adoption by reference of all antecedent allegations into each subsequent cause of action.  Instead, she must list each discrete cause of action (e.g., "disparate impact under Title VII," "hostile work environment under Title VII," "retaliation under § 1981") in a separate count and identify with specificity the factual allegations used to support each discrete claim against each individual Defendant.[1]

3. In being ordered to replead under Rule 12(e), Betts is not being granted leave to amend her complaint under Federal Rule of Civil Procedure 15(a)(2).  Thus,

---

[1] Though Betts invokes the Declaratory Judgment Act, 28 U.S.C. § 2201, in the opening of her Complaint, she does not assert a separate cause of action under it, and from the allegations in her Complaint it appears that she seeks a "declaratory judgment" only as one of several forms of relief on her Title VII, § 1981, and § 1983 actions.
 Plaintiff shall set forth a discrete count asserting a cause of action under the Declaratory Judgment Act if she indeed wishes to do so.  Otherwise, she shall omit reference to the Declaratory Judgment Act on repleader.

she shall not use this as an opportunity to add new claims and/or parties which are not apparent from the allegations in her initial Complaint (Doc. 1).  *Cf. Washington v. Util. Trailer Mfg. Co.*, No. 1:13-CV-610-WEF, 2014 WL 2831189, at *5 n.5 (M.D. Ala. June 23, 2014) ("Plaintiffs may not use this order to re-plead Count I as an opportunity to add new claims.").

Plaintiff's failure to comply with this Order by January 12, 2015, will result in the remaining claims pending in the plaintiff's complaint being stricken and this action being dismissed for failure to prosecute.

**DONE and ORDERED** this 30th day of December, 2014.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE