## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| TERRA BETTS, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CONECUH COUNTY BOARD OF )<br>EDUCATION, RONNIE BROGDEN, and )<br>MARY ANN DANFORD, )<br>    Defendants. ) | CIVIL ACTION NO. 14-00356-CG-N |

## REPORT AND RECOMMENDATION

This action is before the Court on the Defendants' "Motion to Dismiss Amended Complaint" (Doc. 20) brought under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, Rule 41(b). The Plaintiff, Terra Betts ("Betts"), has timely filed a response in opposition (Doc. 22) to the motion, and the Defendants have timely filed a reply (Doc. 23) to the response. The motion is now under submission and is ripe for adjudication. (*See* Doc. 21).

The motion has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b)(1). Upon consideration, the undersigned **RECOMMENDS** that the Defendants' "Motion to Dismiss Amended Complaint" (Doc. 20) be **DENIED**; that Betts's Amended Complaint (Doc. 19) be **STRICKEN** pursuant to Federal Rule of Civil Procedure 12(e) and that Betts be given one <u>final</u> opportunity to re-plead in accordance with the Court's Order dated December 30, 2014 (Doc. 17).

## I.    <u>Applicable Legal Standards</u>

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court construes the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (citing *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006)).  " 'To survive ... a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).  "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

> [T]he Court held[ in *Iqbal*] that the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Second, restating the plausibility standard, the Court held that where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. The Court suggested that courts considering motions to dismiss adopt a "two-pronged approach" in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their

veracity and then determine whether they plausibly give rise to an entitlement to relief.  Importantly, the Court held in *Iqbal,* as it had in *Twombly,* that courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.

*Id.* at 1290 (citations and quotations omitted).

Rule 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Fed. R. Civ. P. 41(b)…

…

…[A] dismissal *with prejudice*…is an extreme sanction that may be properly imposed *only* when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films*[ *Inc.  v. Int'l Family Entm't, Inc.*]*,* 41 F.3d [1454,] 1456[ ((11th Cir. 1995)]; *accord Gratton v. Great Am. Commc'ns.,* 178 F.3d 1373, 1374 (11th Cir. 1999); *Mingo v. Sugar Cane Growers Co-op. of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989); *Cohen v. Carnival Cruise Lines, Inc.,* 782 F.2d 923, 924–25 (11th Cir. 1986); *Goforth*[ *v. Owens*]*,* 766 F.2d [1533,] 1535[ (11th Cir.1985)]; *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir. 1983); *Gonzalez*[ *v. Firestone Tire & Rubber Co.*], 610 F.2d [241,] 247[ (5th Cir. 1980)]; *Hildebrand*[ *v. Honeywell, Inc.*], 622 F.2d [179,] 181[ (5th Cir. 1980)]; *Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 212–13 (5th Cir. 1976). Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable. *Gratton,* 178 F.3d at 1375.

*Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005).[1]

---

[1] "[W]here the dismissal [under Rule 41(b)] is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice." *Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 213 (5th Cir. 1976) (citing *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972). *See also Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) *(en banc)* (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).  Here, Betts may be barred from refiling, at least, any dismissed Title VII claims, as a Title VII plaintiff must "file[] his

## II.  Applicable Background

Betts initiated this action on July 31, 2014, by filing a Complaint with the Court alleging claims against Defendants Conecuh County Board of Education ("the Board"), Ronnie Brogden, superintendent of the Conecuh County school system ("Superintendent Brogden"), and Mary Ann Danford, Curriculum Coordinator/Counselor Coordinator for the Conecuh County school system ("Danford").  (*See* Doc. 1).  The Defendants challenged the initial Complaint by filing a motion to dismiss or, alternatively, for more definite statement (Doc. 7) under Federal Rules of Civil Procedure 12(b)(6) and 12(e), respectively.  On December 30, 2014, the Court, adopting the recommendations of the undersigned (Doc. 16), granted that motion in part and denied it in part, dismissing certain claims and ordering Betts to file an amended complaint pursuant to Rule 12(e) conforming to certain standards.  (Doc. 17).  Betts timely filed her Amended Complaint (Doc. 19).

The following well-pleaded factual allegations in the Amended Complaint are accepted as true for purposes of the present motion:

> Betts, an African-American, has been employed with the Board for thirteen (13) years, having first been hired in 2001.  At all times relevant to the claims in this action, Betts has been employed in the capacity of Guidance Counselor, a position in which she has served for the past eight (8) years.  Betts has an undergraduate degree from Alabama State University (ASU) in Elementary Education, a graduate degree (Masters in Counseling) from ASU, and an Ed.S in school counseling from ASU/Auburn University Montgomery, jointly.  (*Id.* at 3-4, ¶ 9).
>
> Defendant Ronnie Brogden ("Superintendent Brogden") is superintendent of the Conecuh County school system.  Defendant Mary

---

Complaint within ninety days of his receipt of the EEOC's right-to-sue letter."  *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002).

Ann Danford ("Danford") is employed with the Conecuh County school system in the Central Office in the capacity of Curriculum Coordinator/Counselor Coordinator. Danford is not certified in counseling. Both Superintendent Brogden and Danford are white. (*Id.* at 4, ¶¶ 10-11).

On or about December 12, 2012, Betts was served with a "Notice of Recommendation of Termination of Employment" (hereinafter, the "Termination Recommendation Notice") signed by Superintendent Brogden. The Termination Recommendation Notice alleged "insubordination, incompetency, neglect of duty, failure to perform duties in a satisfactory manner, and/or other good and just cause...." Betts challenged the recommendation, and after a two day hearing commencing on February 12, 2013, Betts was reinstated to her employment. Betts returned to work on February 14, 2013. Though both Danford and Superintendent Brogden testified that they had not undertaken any efforts to replace Betts, Annette Bohannon, who is white, had already moved into Betts's office. (*Id.*, ¶ 12).

Upon her return to work, Betts submitted a correspondence to Superintendent Brogden demanding a work environment at Hillcrest High School free of any acts of retaliation, intimidation and hostility. On or about June 4, 2013, Superintendent Brogden submitted a "Notice of Recommendation of Transfer" (hereinafter, the "Transfer Recommendation Notice") to her and the Board. The Board ratified the recommendation and transferred Betts to Evergreen Elementary School. (*Id.* at 5, ¶ 13).

In or about July 2013, Superintendent Brogden filed a complaint with the State of Alabama Department of Education requesting a "proposed revocation and non-renewal of Alabama professional Educator Certificate" against Betts. Superintendent Brogden's request and recommendation tracked verbatim the language of his December 12, 2012 Termination Recommendation Notice. (*Id.*).

Based on the preceding factual allegations, Betts asserts the following causes of action against the Defendants:

- <u>Counts 1 & 2</u> (against the Board only) – discriminatory disparate treatment on the basis of race (Count 1), and unlawful retaliation (Count 2), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as

amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII").
(Doc. 19 at 6-7).

- <u>Count 3</u> (against Superintendent Brogden and Danford, in their individual
  capacities (*see id.* at 3, ¶¶ 7-8)) – discrimination on the basis of race and
  ethnicity "in violation of the Constitution and laws of the United States that
  secure and guarantee to her the equal protection of the law as enforced by
  Title 42 U.S.C. §§ 1981 and 1983,"[2] based on the "Termination
  Recommendation Notice" and Annette Bohannon having been "moved into
  the plaintiff's office…" (*See* Doc. 19 at 8-9).

- <u>Count 4</u> (incorrectly labeled as a second "Third Federal Cause of Action")
  (against Superintendent Brogden only, in his individual capacity (*see id.* at 3,
  ¶ 7)) – retaliation under §§ 1981 and 1983 for Betts "having successfully
  defended the his proposed termination of her employment to Conecuh County
  Board of Education and her having filed a Charge of Discrimination with the
  Equal Employment Opportunity Commission." (*See id.* at 9-10).

## III.   <u>Analysis</u>

### A.   *Twombly-Iqbal*

The Defendants argue, as they did for the initial Complaint, that the
Amended Complaint is due to be dismissed under Rule 12(b)(6) because it does not

---

[2] "The Civil Rights Act of 1866, or Section 1981, guarantees 'all persons ... the same right ...
to make and enforce contracts ... as is enjoyed by white citizens,' and it also protects against
race-based employment discrimination and retaliation. The Civil Rights Act of 1871, or
Section 1983, prohibits state actors from acting in violation of federal law." *Thomas v.
Autauga Cnty. Bd. of Educ.*, No. 2:12-CV-971-WKW, 2014 WL 1491199, at *8 (M.D. Ala.
Apr. 15, 2014).

satisfy the pleading standards of Federal Rule of Civil Procedure 8 as interpreted in *Twombly* and *Iqbal*. They argue that, "like the original complaint, many of its allegations are so vague and general that it also dodges the requirements of Rule 12(b)(6) [sic[3]][,]" asserting that "[t]he claims alleged in the amended complaint allow nothing but speculation, which Defendants cannot reasonably answer." (Doc. 20 at 2-3).

Betts scoffs at the idea of "the so-called heighten standard of pleading that counsel for the defendants have so much belabored[,]" asserting that "a Court should dismiss a complaint only if it appears to a certainty and it is clear that the plaintiff can prove no set of facts in support of his or her claim, which would entitle him or her to relief and prove consistent with his allegations." (Doc. 22 at 1-2). Contrary to Betts's (and her counsel's) belief, the *Twombly-Iqbal* pleading standard is very real, applies to all civil actions (including Title VII[4] and § 1983[5] actions), and has "expressly 'retired' the 'no set of facts' pleading standard" which Betts advocates. *Am. Dental Ass'n*, 605 F.3d at 1288 (citing *Twombly,* 550 U.S. at 563).

Nevertheless, the undersigned is not convinced that the Amended Complaint is deficient for failing to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Miyahira*, 715 F.3d at 1265

---

[3] As discussed in *Twombly* and *Iqbal*, Rule 8 of the Federal Rule of Civil Procedure, not Rule 12(b)(6), sets forth the requirements for pleading. Rule 12(b)(6) is simply the vehicle for dismissal should Rule 8's requirements not be met. *See Am. Dental Ass'n*, 605 F.3d at 1290 ("[T]he Court in *Iqbal* explicitly held that the *Twombly* plausibility standard applies to all civil actions…because it is an interpretation of Rule 8.").

[4] *See, e.g.*, *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

[5] *See, e.g.*, *Randall v. Scott*, 610 F.3d 701, 708-10 (11th Cir. 2010).

(quotations omitted).   *Twombly* and *Iqbal* "concern the *factual* allegations a complaint must contain to survive a motion to dismiss.  A plaintiff, they instruct, must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam).  As set forth *supra*, the Amended Complaint contains a number of non-conclusory factual allegations, and these allegations, accepted as true, plausibly indicate that some form of unlawful discrimination and/or retaliation may have occurred.  Certainly, the Defendants offer no specific argument (either in the present motion or, as they claim, in their "previously filed motion to dismiss (doc. 7) and reply in support thereof (doc. 13)") suggesting why Betts's factual allegations in her Amended Complaint fail to support any of her stated causes of action.

As discussed *infra* in greater detail, the undersigned finds that the Defendants' true complaint with the Amended Complaint is that it fails to sufficiently specify what factual allegations support each cause of action.[6]   " 'The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement.' "  *Paylor v. Hartford*

---

[6] This view is supported by the one specific example of so-called *Twombly-Iqbal* "deficiency" cited by the Defendants, which is simply an example of Betts's failure to link her factual allegations to specific causes of action.  (*See* Doc. 20 at 9 n.3 ("For instance, in paragraph 27 of the amended complaint in support of her purported equal protection claim (Count III), Ms. Betts appears to allege that she had been replaced by a white female when she returned to work on February 14, 2013…However, in paragraphs 12 and 13 of the amended complaint, however [sic], Ms. Betts alleges that she returned to work at Hillcrest High School on February 14, 2014 and was transferred to Evergreen Elementary School sometime after June 4, 2013…If she returned to work and was eventually transferred to another school, Ms. Betts clearly had not been replaced by a white female as paragraph 27 of the amended complaint appears to suggest. **Defendants should not be required to guess the factual basis of Ms. Betts' claims in defending this case.**" (emphasis added)).

*Fire Ins. Co.*, 748 F.3d 1117, 1127 n.4 (11th Cir. 2014) (quoting *Twombly,* 550 U.S. 544, 590 n. 9 (Stevens, J., dissenting) (internal quotations omitted)).   However, as is also discussed *infra*, Betts has already been given an opportunity to provide a more definite statement under Rule 12(e) but has failed to do so.

### B.   Failure to Obey Court's Previous Rule 12(e) Order

The Defendants correctly point out that Betts's Amended Complaint does not comply in several respects with the Court's previous Order requiring her to re-plead under Rule 12(e).   Betts was instructed, *inter alia*, to "omit mention of any claim that is dismissed by this Order" from her amended complaint.   (Doc. 17 at 2). Nevertheless, the Defendants correctly note that Betts's Amended Complaint includes a demand for punitive damages in her Title VII retaliation claim against the Board in Count 2 (Doc. 19 at 7, ¶ 25).   In her response, Betts claims she "erroneously did not delete" this language and states she "will amend her complaint accordingly." (Doc. 22 at 2, ¶ 2).

As the Defendants also correctly note, while Betts's Amended Complaint makes several assertions that she has been subject to "a hostile work environment" (*see* Doc. 19 at 2, ¶ 1; 4, ¶ 11; 6, ¶ 16), "[t]here is no count for a hostile work environment,"  (Doc. 20 at 10), nor is any allegation embedded in either of Betts's Title VII counts, or incorporated in either by reference, suggesting a hostile work environment claim is asserted.[7][8]   Thus, they argue, "[a]ny purported claim for a

---

[7]

       As opposed to discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire, a hostile work environment claim addresses acts different in kind whose very nature involves repeated conduct, such as

racially hostile work environment should be dismissed." (Doc. 20 at 10).   Betts asks that the Court "grant her leave to amend her complaint so that she can plead [hostile work environment] as a separate count as per the request of the defense counsel." (Doc. 22 at 2-3, ¶ 3).

Betts, however, ignores the fact that the Court has already instructed her to do just that when filing her Amended Complaint – specifically, to "refrain from incorporating multiple causes of action into one count" and to instead "list each discrete cause of action (e.g., 'disparate impact under Title VII,' **hostile work environment under Title VII**,' 'retaliation under § 1981') in a separate count…" (Doc. 17 at 2 (emphasis added)).   In addition, in the undersigned's previous Report and Recommendation (to which Betts filed no objections and which the Court

---

discriminatory intimidation, ridicule, and insult. Thus, these claims are based on the cumulative effect of individual acts…To establish a hostile work environment claim, [a plaintiff] must show: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.

*McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008) (citations and quotations omitted).

8 *Cf. Dalton v. Burwell*, No. 14-13654 (11th Cir. March 6, 2015) (per curiam) (unpublished) (slip opinion) ("The seven claims Dalton says the District Court should have recognized in her initial complaint were not asserted as discrete claims; **rather, they were nothing more than allegations in the complaint's 'Statement of Facts.'** The EEO did not perceive as discrete claims the seven claims she says her initial complaint 'factually' presented. The seven claims first appeared as discrete claims in the defendants' motion to dismiss, as part of their argument that the claims had not been exhausted. Dalton concedes that she never presented the claims, as discrete claims, to the EEO or otherwise put the EEO on notice that it should investigate them, even though the EEO asked her to identify any claims beyond those discretely asserted that it ought to investigate." (emphasis added)).

adopted in full) specifically noted that, due to the "shotgun" nature of Betts's initial Complaint, "it is unclear whether Betts is alleging claims for hostile work environment under Title VII and/or §§ 1981 and 1983."[9] (Doc. 16 at 25). Despite this admonition, and despite being specifically ordered to plead each discrete claim (such as hostile work environment) as a separate count, Betts failed to do so, and only now, after being called out for it by the Defendants a second time, finally offers to do so.[10]

Finally, in ordering re-pleading, the Court specifically instructed Betts to "identify with specificity the factual allegations used to support each discrete claim against each individual Defendant." (Doc. 17 at 2). This requirement too resulted from the "shotgun" nature of Betts initial Complaint, which incorporated every antecedent allegation by reference into each subsequent claim for relief. (*See* Doc. 16 at 21-22). In apparent response to this requirement, Betts simply deleted from each count those paragraphs purporting to "adopt by reference, and incorporate in [each] cause of action" all proceeding allegations (*see* Doc. 1 at 6-8), but made no

---

[9] The Defendants argue that Betts's "purported claim for a racially hostile work environment" in her Amended Complaint should be dismissed because it violates the Court's re-pleader Order forbade her from "asserting new claims in her amended complaint." (Doc. 20 at 1-2). The precise language of the re-pleader Order forbade Betts from "add[ing] new claims and/or parties which are not apparent from the allegations in her initial Complaint (Doc. 1)." (Doc. 17). While it was "unclear" whether Betts was alleging a claim for hostile work environment in her initial complaint, the undersigned finds that a hostile work environment claim was at least somewhat "apparent from the allegations in her initial Complaint." Thus, the undersigned **RECOMMENDS** that the motion to dismiss (Doc. 20) be **DENIED** as to this argument.

[10] The undersigned notes that the deadline for the filing of motions to amend pleadings – February 2, 2015 – has passed in this action. (*See* Doc. 16 at 3-4, § 6). Betts's response to the instant motion was filed after this deadline (*see* Doc. 22), and she has not moved to amend the scheduling order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

effort to obey the Court's instructions by specifying which preceding factual allegations support each count.

Count I cites no specific factual assertions at all.  Counts II and IV simply assert that unspecified "actions" of the Defendants "as alleged herein" constitute unlawful retaliation.  (Doc. 19 at 7, 9).  Only Count III arguably attempts to identify specific factual allegations in support, as Betts has simply copies paragraph 12 of the Amended Complaint and pastes it verbatim into Count III as paragraph 27.  As to the other counts, however, Betts failure specify or incorporate any specific factual allegations supporting each cause of action causes essentially the same problem as incorporating every factual allegation into every cause of action – "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Rule 12(e) provides: "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, **the court may strike the pleading or issue any other appropriate order**" (emphasis added).  The Court's re-pleader Order expressly warned Betts that "failure to comply with this Order…will result in the remaining claims pending in the plaintiff's complaint being stricken and this action being dismissed for failure to prosecute."  (Doc. 17 at 3).

Federal Rule of Civil Procedure 41(b) permits a court, either on motion or *sua sponte*, "to dismiss [an] action or any claim" for failure to obey a court order.  *See*

*Betty K Agencies*, 432 F.3d at 1337.  Moreover, the Court has "inherent…authority to enforce its orders and insure prompt disposition of lawsuits."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).  *See also Sciarretta v. Lincoln Nat. Life Ins. Co.*, -- F.3d --, No. 13-12559, 2015 WL 795593, at *6 (11th Cir. Feb. 26, 2015) ("Courts have the inherent power to police themselves and those appearing before them." (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).  This "inherent power" "carries with it the authority to assess attorney's fees as a sanction for bad faith conduct."  *Sciarretta*, 2015 WL 795593, at *6.  *See also Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) ("A court may appropriately sanction a party or attorney who 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.' " (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)).  "[D]ismissal for failure to comply with the rules of court" is also an option under this inherent authority.  *Betty K Agencies*, 432 F.3d at 1337.  The Court has discretion in exercising this authority, meaning that it "has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.' "  *Id.* (quoting *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005) (internal quotation marks omitted)).   Additionally, 28 U.S.C. § 1927 gives a court discretion to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct." *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007).

The Court previously ordered a more definite statement, providing specific instructions for Betts to follow in doing so (*see* Doc. 17).  As detailed *supra*, Betts has failed to obey that Order on multiple and significant fronts, making it apparent that she and her counsel gave, at best, perfunctory consideration to that Order. Nevertheless, at this stage of the litigation, it is not apparent that this failure amounts to more than mere negligence, which, standing alone, will not support a finding of bad faith necessary to impose sanctions under § 1927 and/or the Court's inherent power.  *Amlong & Amlong*, 500 F.3d at 1242 (11th Cir. 2007) ("[T]hat is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney.").  A "clear pattern of delay or willful contempt (contumacious conduct)" is also not apparent at this time to warrant dismissal, nor is it apparent "that lesser sanctions would not suffice."[11]

---

[11] The Defendants have cited *Harrison v. Board of Regents of University System of Georgia*, 519 F. App'x 641 (11th Cir. May 17, 2013) (per curiam) (unpublished), in support of their position that Betts should not be accorded "a second bite at the apple."  That case, however, is distinguishable.  In *Harrison*, the Eleventh Circuit affirmed the district court's dismissal with prejudice of a *pro se* plaintiff's employment discrimination action, finding:

> The record indicates that Harrison willfully violated the court's instructions regarding the filing of his second amended complaint. Despite specific instructions to the contrary, the second amended complaint contained conclusory legal allegations, did not allege specific facts in support of the distinct causes of action, and, at 82 pages and 295 paragraphs in length, could not be characterized as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Harrison's ability to submit a proposed third amended complaint that was less than half the length of the second and identified specific facts in support of at least some of the counts demonstrates his failure to do so in the first instance was a willful violation of the court's order.

*Betty K Agencies*, 432 F.3d at 1337.  As such, the undersigned finds the most appropriate course of action at this time is to strike Betts's Amended Complaint (Doc. 19) under Rule 12(e) and to give her one last opportunity to file an amended pleading that complies with the Court's previous Order (Doc. 17).[12]

## IV.   Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that the Defendants' "Motion to Dismiss Amended Complaint" (Doc. 20) be **DENIED**; that Betts's Amended Complaint (Doc. 19) be **STRICKEN** and that Betts be **ORDERED** to again re-plead under Rule 12(e) in accordance with the instructions set out in the Court's December 30, 2014 Order (Doc. 17).

---

519 F. App'x at 643.  Betts's Amended Complaint is not so egregiously non-compliant as the second amended complaint in *Harrison*, nor is there any indication on the record that Betts's non-compliance was a willful violation, as opposed to mere negligence.

[12]     As they did in challenging the initial Complaint, the Defendants have objected to Betts's reference to the actions of the Board "and its individual members" in Count II of the Amended Complaint (Doc. 19 at 7, ¶ 20), arguing that "any claim against 'individual members' of the Board is due to be dismissed."  (Doc. 20 at 12).

The undersigned previously recommended: "To the extent the Board members are being sued in their official capacities and as agents of the Board, such claims are redundant of Betts's claims against the Board itself and are due to be **DISMISSED**. To the extent the Board members are being sued in their individual capacities under Title VII, such claims are also due to be **DISMISSED**. To the extent Betts alleges a claim of retaliation against the Board members in their individual capacities under § 1981 by way of § 1983, the Board members individually have neither been properly served nor listed in the title of the complaint, see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties…") and thus are currently not considered parties to this action."  (Doc. 16 at 19-20).  The Court adopted this recommendation.  (Doc. 17).

In her response to the present motion, Betts states that her "amended complaint simply referenced the actions of the individual Board members in 'rubber stamping the actions of the Superintendent' " and does "not assert any individual claims in her Title VII cause of action against the Board members."  (Doc. 22 at 2).  The undersigned accepts this representation as true under Federal Rule of Civil Procedure 11.  Moreover, the individual Board members remain unserved and are not listed in the title of the Amended Complaint.

## V.   Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **9th** day of **March 2015**.

   */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**