IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRA BETTS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00356-CG-N |
| | ) | |
| CONECUH COUNTY BOARD OF | ) | |
| EDUCATION, RONNIE BROGDEN, and | ) | |
| MARY ANN DANFORD, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on the Defendants' "Partial Motion to Dismiss" (Doc. 29), which seeks dismissal of the "Fourth Federal Cause of Action" ("Count IV") in the Plaintiff's Second Amended Complaint (Doc. 28) under Federal Rule of Civil Procedure 12(b)(6).  The Plaintiff, Terra Betts ("Betts"), has timely filed a response in opposition (Doc. 31) to the motion, and the Defendants have timely filed a reply (Doc. 32) to the response.  The motion is now under submission and is ripe for adjudication.  (*See* Doc. 30).

The motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b)(1).  Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that the Defendants' "Partial Motion to Dismiss" (Doc. 29) be **GRANTED**.

### I.    Applicable Background

Betts initiated this action on July 31, 2014, by filing a Complaint with the Court alleging claims against Defendants Conecuh County Board of Education ("the

Board"), Ronnie Brogden, superintendent of the Conecuh County school system ("Superintendent Brogden"), and Mary Ann Danford, Curriculum Coordinator/Counselor Coordinator for the Conecuh County school system ("Danford"). (*See* Doc. 1). The Defendants challenged the initial Complaint by filing a motion to dismiss or, alternatively, for more definite statement (Doc. 7) under Federal Rules of Civil Procedure 12(b)(6) and 12(e), respectively. On December 30, 2014, the Court, adopting the recommendations of the undersigned (Doc. 16), granted that motion in part and denied it in part, dismissing certain claims and ordering Betts to file an amended complaint pursuant to Rule 12(e) conforming to certain standards. (Doc. 17).

Betts timely filed her First Amended Complaint (Doc. 19), to which the Defendants responded with a motion to dismiss under Rule 12(b)(6) or, alternatively, Rule 41(b) for failure to comply with the Court's previous repleader order. (Doc. 20). On March 30, 2015, the Court, adopting the recommendations of the undersigned (Doc. 24), denied the second motion to dismiss but found that Betts had not repled her complaint in compliance with the Court's December 30, 2014 order. (Doc. 25). The Court ordered Betts's First Amended Complaint (Doc. 19) be stricken and gave her a final opportunity to replead in accordance with the Court's previous Order. (Doc. 25). After being granted an extension of time (Docs. 26, 27), Betts timely filed her Second Amended Complaint (Doc. 28), the operative pleading in this action. The Defendants have responded to the Second Amended Complaint with the present motion to partially dismiss (Doc. 29).

## II.   Analysis

As has been explained previously, Betts's previous pleadings have been "shotgun" in nature, as they incorporated every antecedent allegation by reference into each subsequent claim for relief.  As was also exhaustively explained, the Court of Appeals for the Eleventh Circuit has repeatedly and roundly condemned such pleading, going so far as to state that a district court should *sua sponte* order repleading if a defendant does not raise the issue in a motion.  (*See* Docs. 17, 24 (citing cases)).  Thus, in the Court's December 30, 2014 Order, the Court instructed, *inter alia*, that Betts "shall refrain…from the wholesale adoption by reference of all antecedent allegations into each subsequent cause of action" in her complaint and instead "identify with specificity the factual allegations used to support each discrete claim against each individual Defendant." (Doc. 17).

In the Report and Recommendation dated March 9, 2015 (which the Court adopted in full after no objections were filed (*see* Doc. 25)), the undersigned determined that Betts had failed to comply with this directive in her First Amended Complaint, noting: "In apparent response to this requirement, Betts simply deleted from each count those paragraphs purporting to 'adopt by reference, and incorporate in [each] cause of action' all proceeding allegations, but made no effort to obey the Court's instructions by specifying which preceding factual allegations support each count.  Count I cites no specific factual assertions at all. Counts II and IV simply assert that unspecified 'actions' of the Defendants 'as alleged herein' constitute unlawful retaliation." (Doc. 24 at 11 – 12 (record citations omitted)).  For

this reason, among others set out in the March 9, 2015 Report and Recommendation, Betts was again ordered to replead in accordance with the instructions set out in the Court's December 30, 2014 repleader order.  (*See* Docs. 24 – 25).   In their present motion, the Defendants argue that Betts has again failed to follow these instructions in pleading Count IV in her Second Amended Complaint, which asserts a claim for retaliation under 42 U.S.C. § 1981, by way of 42 U.S.C. § 1983, against Defendant Ronnie Brogden in his individual capacity.  (Doc. 28 at 13 - 14).

The undersigned agrees.  As the Defendants' motion points out, despite the undersigned specifically pointing out that the allegations in Count IV of the First Amended Complaint (Doc. 19 at 9 – 10 (incorrectly labeled as a second "Third Federal Cause of Action")) failed to identify with specificity the factual allegations used to support that claim, those deficient allegations have been carried over to Count IV of the Second Amended Complaint (Doc. 28) virtually unchanged, the only difference being that Betts has requested additional forms of relief ("award of lost employment benefits and wages, back pay, front pay, interest") for this count.[1]

In her response to the present motion, Betts asserts:

> [T]he defendants apparently ignore the factual allegations set forth in paragraphs 13 and 14 wherein the plaintiff articulated actions by Defendant Brogden recommending to the Conecuh County Board of Education that the plaintiff be transferred from Hillcrest High School to Evergreen Elementary School and his request to the Alabama State Department of Education that the plaintiff's Professional Educator's Certificate be revoked. In reciting those facts the plaintiff specifically

---

[1] Betts has also amended the heading to Count IV in her Second Amended Complaint to highlight that the claim is against Defendant Brogden only. *Compare* (Doc. 19 at 9 ("Retaliation Claim Pursuant to Sections 1983 and 1981")) *with* (Doc. 28 at 13 ("Retaliation Claim Pursuant to Sections 1983 and 1981 Against Defendant Ronnie Brogden")).

4

>averred that said conduct was retaliatory by Defendant Brogden after he had failed in his recommendation to Conecuh County Board of Education that the plaintiff's employment be terminated. After reciting the aforementioned factual details in paragraph 13, the plaintiff represented in paragraph 14 that "the actions complained of herein have subjected her to unlawful employment discriminatory practices and retaliation".

(Doc. 31 at 2).

The problem with Betts's complaints has <u>not</u> been a dearth of allegations suggesting a plausible claim for relief (apart, of course from those claims previously dismissed as a matter of law (*see* Doc. 17)).  Indeed, in the March 9, 2015 Report and Recommendation, the undersigned noted that "the Amended Complaint contains a number of non-conclusory factual allegations, and these allegations, accepted as true, plausibly indicate that some form of unlawful discrimination and/or retaliation may have occurred[,]" at least in the absence of any specific argument from the Defendants to the contrary.  (Doc. 24 at 8).  Rather, Betts's complaints have been deficient because they have "fail[ed] to sufficiently specify what factual allegations support each cause of action."  (*Id.*).

As noted above, Count IV in both her First and Second Amended Complaints asserts that unspecified "actions" of Defendant Brogden "as alleged herein" constitute unlawful retaliation.  The practical effect of these nonspecific allegations is to (once again) simply incorporate all antecedent allegations by reference into Count IV, in the disfavored "shotgun" pleading style.  Betts argues that "her Count IV must not be read in isolation of her factual allegations as set forth in the section of the complaint titled 'Allegations of Fact', but to the contrary must be read in *pari*

*materia.*" (Doc. 31 at 2).  However, this assertion ignores the point that this Court has repeatedly tried to make to Betts – she may not simply set out a separate statement of facts, follow it with conclusory causes of action, and then leave it to the Defendants and/or the Court to figure out which factual allegations are meant to support each of those causes of action.  As the Court previously pointed out, the failure to "specify or incorporate any specific factual allegations supporting each cause of action causes essentially the same problem as incorporating every factual allegation into every cause of action – 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.' " (Doc. 24 at 12 (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).[2]

"Implicit [in the instruction to replead a 'shotgun' complaint] is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds*, *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).  The Court has now twice ordered Betts to correct the "shotgun" nature of her pleadings, explicitly warning that the second time would be the last time.  (*See* Doc. 24).  As to Count IV, she has twice failed to do so, and her response to the present motion to dismiss suggests a continued unwillingness to recognize that, under myriad binding Circuit

---

[2] That Betts corrected the other counts in her Second Amended Complaint to reference specific factual allegations in support of each indicates that she understood the Court's instructions to some degree.

precedent, such pleading is unacceptable. Thus, under these circumstances, the undersigned finds that dismissal of Count IV is appropriate.

### III. Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that the Defendants' Rule 12(b)(6) "Partial Motion to Dismiss" (Doc. 29) be **GRANTED** and that Count IV of the Second Amended Complaint (Doc. 28) be **DISMISSED**.

### IV. Notice of Right to File Objections[3]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

---

[3] The parties are advised that the undersigned has updated the provisions of her standard "Notice of Right to File Objections" since the entry of the last Report and Recommendation in this action.

specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

 **DONE** this the **29th** day of **May 2015**.

           */s/ Katherine P. Nelson*
           **KATHERINE P. NELSON**
           **UNITED STATES MAGISTRATE JUDGE**